```
FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 NOV -5  PM 11: 51

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID MCDOWELL ROBINSON  *
    Petitioner
v.  *  Civil Action No. RDB-14-3425
                    Criminal Action No. RDB-07-87
UNITED STATES OF AMERICA  *
    Respondent

\*\*\*\*\*

## **MEMORANDUM OPINION**

On May 1, 2008, Davis McDowell Robinson was sentenced on wire and mail fraud counts, in violation of 18 U.S.C. §§ 1343 & 1341. Criminal judgment was entered the following day on May 2, 2008. On July 31, 2009, the United States Court of Appeals affirmed this Court's judgment. *See United States v. Robinson*, 341 Fed. Appx. 942 (4th Cir. 2009).

On October 28, 2011, Robinson filed a "Motion for Dismissal of Indictment and Vacation of Judgment for Failure to State an Offense under FRCrP Rule 12(b)(3)(B)." ECF No. 76. The Court re-characterized the Motion as a 28 U.S.C. § 2255 Motion. The Court, however, re-construed the filing without affording Robinson notice of its intention to re-characterize the filing under the requirements of *Castro v. United States*, 540 U.S. 375 (2003). On July 10, 2012, the Court corrected this error by granting Robinson's Motion for Reconsideration in part. Furthermore, this Court noted that Robinson's previously filed Motion would not be construed as a Motion seeking habeas corpus relief pursuant to 28 U.S.C. § 2255 and observed that Robinson's 2011 filing would not "affect the filing of a [future] motion pursuant to § 2255." ECF Nos. 83 & 85.

On January 23, 2014, the Court denied and dismissed Robinson's January 2013 Motion to Vacate as untimely after briefing by the parties. ECF Nos. 119 & 120. The appeal of that determination was dismissed and a certificate of appealability was denied by the Fourth Circuit on June 4, 2014. *See United States v. Robinson*, 575 Fed. Appx. 134 (4th Cir. 2014).

On October 30, 2014, Robinson filed a Motion to Vacate, Set Aside, or Correct Sentence, raising several ineffective assistance of counsel claims. ECF No. 129.    This filing represents another direct attack on Robinson's federal conviction. As the dismissal of Robinson's prior § 2255 Motion constituted an adjudication on the merits, *see Villanueva v. United States*, 346 F. 3d 55, 61 (2d Cir. 2003); *White v. United States*, ___F. Supp.3d ___ 2014 WL 5302959 (D. S.C. 2014 ), Robinson's newly filed Motion is properly construed as a successive § 2255 motion.

Successive § 2255 motions may not be filed absent authorization to do so from the Fourth Circuit Court of Appeals. *See* 28 U.S.C. §  2244(b)(3)(A) & 2255(h); *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc).  Robinson has provided no evidence that he received authorization to file a successive Motion to Vacate by the appellate court as required pursuant to 28 U.S.C. § 2244(b)(3)(A).[1]

An inmate who filed a Motion to Vacate has no absolute entitlement to appeal a district court's denial of his Motion.  *See* 28 U.S.C. § 2253(c) (1). "A certificate of appealability may

---

[1]   The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a "motion" to obtain the aforementioned authorization Order.  The procedural requirements and deadlines for filing the "motion" are extensive.  Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition.  It is to be emphasized that Robinson must file the "motion" with the Fourth Circuit and obtain authorization to file his successive petition before this Court may examine his claims.

issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at §2253(c) (2). The Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983).

When a district court dismisses a motion to vacate solely on procedural grounds, a Certificate of Appealability will not issue unless the Petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484 (2000)). Robinson has not made the required showing and the Court declines to issue a Certificate of Appealability. His Motion to Vacate will be dismissed without prejudice for lack of jurisdiction. A separate Order shall be entered reflecting the opinion set out herein.

Date: November 5, 2014

　　　　　　　　　　　　　　　　　　　　/s/ Richard D. Bennett
　　　　　　　　　　　　　　　　　　　　RICHARD D. BENNETT
　　　　　　　　　　　　　　　　　　　　UNITED SATATES DISTRICT JUDGE